433 F.2d 405
 Henry IGLINSKY, Jr., Plaintiff-Appellant,
v.
Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.
 No. 29977 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 October 27, 1970.
 
 Nolan J. Edwards, Homer Ed Barousse, Jr., Crowley, La. Edwards, Edwards & Broadhurst, Crowley, La., for plaintiff-appellant.
 Donald L. Walter, U. S. Atty., Shreveport, La., Morton Hollander, Judith S. Seplowitz, Kathryn H. Baldwin, William D. Ruckelshaus, Asst. Atty. Gen., for defendant-appellee.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 WISDOM, Circuit Judge:
 
 
 1
 The question for decision is whether the Secretary of Health, Education, and Welfare, in paying disability benefits to a claimant who is also receiving workmen's compensation benefits, must take into account medical expenses not reimbursable under the state compensation statute.
 
 
 2
 Henry Iglinsky, Jr. brought this action under 42 U.S.C. § 405(g) to review a final decision of the Secretary of Health, Education, and Welfare reducing the amount of his disability insurance benefits through the application of the statutory workmen's compensation offset under 42 U.S.C. § 424a. The district court found that the reduction was proper and entered summary judgment for the Secretary. We affirm.
 
 
 3
 * * * * * *
 
 
 4
 The basic facts are not in dispute. On September 23, 1965, Iglinsky injured his back in an industrial accident. As a result, he is now permanently and totally disabled. Since September 1965 his employer has voluntarily paid him $35 a week (or $151.60 per month), the compensation due him under the Louisiana Workmen's Compensation Law, LSA R. S. 23:1202. His employer has also paid him maximum medical benefits in the amount of $2,500, the statutory maximum at the time of the payments. See LSA R.S. 23:1203. It is undisputed, however, that Iglinsky's actual medical expenses incurred as a result of the accident totalled $4,930.70, or $2,340.70 more than the amount he received.
 
 
 5
 In April 1966 Iglinsky applied for federal disability insurance benefits under 42 U.S.C. § 423(a). The Social Security Administration determined that he and his family were entitled to disability benefits, but reduced their monthly benefit from the full amount of $251.20 to $98 because Iglinsky was receiving Louisiana Workmen's Compensation benefits. The agency made this reduction under 42 U.S.C. § 424a, which required that disability benefits payable to a claimant who is receiving workmen's compensation and auxiliary benefits be reduced so that the total family benefit, when added to the workmen's compensation award, does not exceed 80 percent of the claimant's "average current earnings". The regulations of the Social Security Administration, however, provided that any "amounts included in the workmen's compensation award which are specifically identifiable as being for medical * * * expenses" will not be considered as part of the workmen's compensation benefit in computing the reduction. 20 C.F.R. § 404.408(d).
 
 
 6
 In the spring of 1968 Iglinsky requested the Social Security Administration to reconsider its decision to reduce his disability benefits. He urged that his workmen's compensation benefits should not be counted in reduction of his disability benefits because he had incurred unreimbursable medical expenses in the amount of $2,430.70. Upon reconsideration, the Administration determined that Iglinsky's medical expenses of $2,430.70 could not be deducted from his workmen's compensation award before applying the reduction formula of 42 U.S.C. § 424a. A hearing examiner concluded that the workmen's compensation offset had been correctly computed. The Appeals Council denied Iglinsky's request for review and the decision of the hearing examiner became the final decision of the Secretary.
 
 
 7
 Upon appeal to the district court and to this Court, Iglinsky urges that the purpose of 42 U.S.C. § 424a and the Secretary's interpretative regulation is to protect the injured claimant from reduction of his disability benefits when his actual medical expenses exceed the amount for which he was compensated. To that end, Iglinsky argues, the Social Security Administration must offset from his workmen's compensation benefits the amount of unreimbursed medical expenses he actually incurred before computing the disability benefit reduction. We cannot agree.
 
 
 8
 In response to concern voiced about the payment of federal disability insurance benefits concurrently with benefits payable under state workmen's compensation programs, Congress enacted § 335 of the 1965 Amendments to the Social Security Act. Pub.L. 89-97, 79 Stat. 406 (July 30, 1965). Now codified as 42 U.S.C. § 424a, the amendment is designed to prevent the payment of excessive combined benefits. Thus § 424a requires a reduction in federal disability benefits when the total benefits paid under state and federal programs exceed 80 percent of the claimant's average monthly earnings before the onset of his disability. See S.Rep. 404, 89th Cong., 1st Sess., 1965 U.S.Code Cong. & Adm. News, pp. 1943, 2040.
 
 
 9
 The Secretary has since ruled that the § 424a offset is inapplicable to payments made under a state workmen's compensation program as reimbursement for medical expenses. His regulation, 20 C. F.R. § 404.408(d), provides,
 
 
 10
 Amounts included in the workmen's compensation award which are specifically identifiable as being for medical, legal or related expenses paid or incurred by the individual in connection with his workmen's compensation claim, or the injury or occupational disease on which it is based, are excluded in computing the reduction under paragraph (a) of this section.
 
 
 11
 The purpose of the regulation is clear. Disability insurance benefits are designed to replace partially the income of a person who has lost the ability to work through illness or injury. See S.Rep. 404, 89th Cong., 1st Sess., p. 100, 1965 U.S. Code Cong. & Adm.News, pp. 1943, 2038. The workmen's compensation offset provision was enacted to ensure that a claimant who was also entitled to benefits under a state compensation program did not, by virtue of his right to payments from two sources, receive excessive compensation for the same injury. There is no problem of duplication of medical benefits, however, since the federal disability insurance program does not provide for payment of medical expenses. Thus there is no reason to offset from federal disability benefits any amounts in the state award specifically attributable to medical expenses.
 
 
 12
 We conclude that the Social Security Administration properly computed Iglinsky's benefits. Before application of the reduction formula, Iglinsky and his family were entitled to $251.20 per month in federal disability benefits and $151.60 per month in state workmen's compensation benefits. Because the total of his benefits, $402.80 per month, exceeded 80 percent of his average monthly earnings by $153.20, pursuant to 42 U.S.C. § 424a his disability benefits were reduced by that amount. Thus Iglinsky is entitled to $98 per month in federal disability insurance benefits.
 
 
 13
 In accordance with 20 C.F.R. § 404.408(d), the Social Security Administration excluded from the offset workmen's compensation payments that were identifiable as being for medical expenses. Because of a peculiarity of the Louisiana workmen's compensation system, the allocation was not difficult. In Louisiana medical expenses are not included in the compensation award under LSA R.S. 23:1202. See Brown v. Travelers Ins. Co., 1954, 247 La. 7, 169 So.2d 540, 543. Louisiana employers furnish payments for medical expenses by means of a separate outlay under LSA R.S. 23:1203. Thus the Social Security Administration properly excluded from the offset the $2,500 that Iglinsky's employer paid for his medical expenses but included all of his compensation award of $151.60 per month.
 
 
 14
 Iglinsky objects to the reduction of his disability insurance benefits on two grounds. First, he purports to find support for his view that the Social Security Act and the Secretary's regulations permit him to recoup his unreimbursed medical expenses from the federal government through the disability insurance program in the legislative history of the 1965 Amendments. Specifically, the Senate Report states, Since in some workmen's compensation cases, workers incur medical, legal, or related expenses in connection with their workmen's compensation claims, or in connection with the injuries they have suffered, and since the workmen's compensation awards are generally understood to include compensation for these expenses (except to the extent that special provision is made in the award to cover them or they are provided without cost to the worker) for purposes of this section the Secretary would not, in computing the amount of the periodic benefit payable to an individual under a workmen's compensation program, include any part of the workmen's compensation lump sum or benefit which he finds is equal to the amount of such expenses paid or incurred by the worker.
 
 
 15
 S.Rep. 404, 89th Cong., 1st Sess., 1965 U.S.Code Cong. & Adm.News, pp. 1943, 2201.
 
 
 16
 Iglinsky argues that this language directs the Secretary to exclude from the offset any medical "expenses paid or incurred by the worker." We cannot agree. The first half of the quotation makes it clear that its mandate is directed only to that situation in which workmen's compensation awards include compensation for medical expenses. The parenthetical qualification — except to the extent that special provision is made in the award to cover them — shows that the quotation is inapposite here. Louisiana has indeed made special provision to cover Iglinsky's medical expenses; the amount he received thereunder was properly disregarded in computing the offset. No part of Iglinsky's workmen's compensation award was specifically for medical expenses; thus no part of the award may be excluded from the offset.
 
 
 17
 Second, Iglinsky argues that the Social Security Administration's construction of the statute and regulations results in unequal treatment to claimants in different states. That is simply not true. The statute uniformly excludes from its operation all state payments specifically for medical expenses and includes in the offset all state payments as compensation for loss of income through disability. A worker who receives his state compensation award and reimbursement for medical expenses in a lump sum is in no better position under 42 U.S.C. § 424a than the Louisiana worker who receives his medical expenses separately from his compensation award. The only inequity in Iglinsky's case is that the state statutory ceiling on reimbursement of medical expenses was not high enough to cover all his expenses.
 
 
 18
 This Court is not insensitive to Iglinsky's plight. Public assistance programs rarely compensate fully the worker's loss of income through disability. Moreover, the problem of diminished income is often exacerbated in a case such as Iglinsky's by the added medical or legal expenses occasioned by the disability. Nor are we unaware that in 1968 the Louisiana legislature raised the statutory ceiling on payments for medical expenses to $12,500. See LSA R.S. 23:1203 (Supp.1970). Nevertheless, by means of specific Social Security programs, Congress has attempted a rational apportionment of the federal resources available for public assistance. Courts should not upset that scheme by legislating benefits that Congress has not seen fit to provide. It is highly unlikely that Congress would have authorized, as Iglinsky contends, indirect reimbursement of medical expenses not compensable under state law without explicitly stating its intention to do so. Moreover, it strains belief to conclude that the vehicle for such an assistance program would have been 42 U.S.C. § 424a, an amendment designed specifically to reduce rather than to expand federal disability insurance benefits.
 
 
 19
 The judgment of the district court granting the Secretary's motion for summary judgment is
 
 
 20
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409